**Solomon & Cramer LLP**
1441 Broadway, Ste 6026
New York, New York 10018
t: (212) 884-9102
f: (516) 368-3896
---------------------
Andrew T. Solomon
Jennifer G. Cramer

May 28, 2020

Hon. Sean H. Lane
United States Bankruptcy Court
 For the Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   <u>Cooperatieve Rabobank U.A., New York Branch, et al. v. EisnerAmper LLP</u>, Adv. Proc.
        20-01092 (SHL)

Dear Judge Lane:

This firm is counsel to Plaintiffs. We write to request a telephone conference with the Court to discuss the timing of Plaintiffs' intended motion to seek remand under the abstention doctrines.

In their complaint, Plaintiffs seek damages from Republic Metals' audit firm EisnerAmper LLP arising out of the 2016 audit. The procedural posture is like that of Plaintiffs' case against Republic Metals' other audit firm, Crowe LLP, which is pending before this Court, Adv. Proc 20-01061(SHL). In their action against Crowe, Plaintiffs filed their complaint in State Court in Florida; Crowe removed to the SD Fla and then persuaded the District Court to transfer the case to the SDNY under 28 U.S.C. § 1404(a); the case was then referred to this Court under the Standing Order. On arrival here, Plaintiffs renewed their motion to remand the case against Crowe (which they had previously filed in the SD Fla) under the abstention doctrines. That motion is *sub judice*.

As in the Crowe case, Plaintiffs originally sued EisnerAmper in State Court in Florida. EisnerAmper removed to the SD Fla and sought to transfer to the SDNY. We did not oppose transfer, agreeing that this Court would be best positioned to decide Plaintiffs' intended abstention motion along with the pending motion in Crowe. We also agreed that EisnerAmper would not have to move or answer in response to the Complaint until 30 days after the abstention and remand issues were resolved.

With that as a background, here is why we are requesting a telephone conference: Under 28 U.S.C. § 1334, plaintiffs are required to make a "timely" motion to abstain and remand. For the sake of efficiency, we think that "timely" means after the Court decides the pending abstention motion in the Crowe matter, but would like to confirm that. We appreciate that EisnerAmper

Hon. Sean H. Lane
May 28, 2020
Page 2

may feel that it has arguments against abstention that are different from Crowe's. Even if that were so, the Court's ruling on abstention in Crowe will undeniably have a significant, if not dispositive, impact on abstention in this case.

Respectfully,

Andrew T. Solomon
asolomon@solomoncramer.com